IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TONY ANTHONY PAYNE, SR., | ) | |
| | ) | Civil Action No. 7:22cv00710 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LISA DAVIS, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |        United States District Judge |
| Defendants. | ) | |

_____

Plaintiff Tony Anthony Payne, Sr., a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against Nurse Lisa Davis, R.N., an unnamed "practitioner nurse," unnamed "medical staff," and Coffeewood Correctional Center Officer ("C/O") Hooks. Payne seeks leave to proceed *in forma pauperis* with this action. Having reviewed Payne's request and complaint, the court grants his request to proceed *in forma pauperis* but concludes that Payne fails to state a cognizable § 1983 claim against the named defendants. Accordingly, the court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

In his complaint, Payne alleges that someone "forged"[1] and submitted a medical appointment request form with his name on it. (Compl. at 2 [ECF No. 1].) Payne notes that it was "dated, stamped, and received" all on August 16. (*Id.*) He points out that Defendant Nurse Davis's name is at the bottom of the request form, and that Defendants "practitioner nurse" and C/O Hooks were "in the medical department at the time." (*Id.*) Six weeks after he filed

---

[1] Payne uses the term "forgery" to mean that someone apparently filled out the form on his behalf. There is no signature on the form purporting to be his.

his complaint, Payne submitted additional documents in support of his complaint, including a

copy of this medical appointment request form and various levels of grievance forms.[2] (ECF

No. 8.) From the grievance forms, it appears that Payne believes Nurse Davis "forged" the

appointment request form to cover up her allegedly deficient medical care. Payne's name

appears at the top of the form, dated August 16, with a written request to see a doctor. (*See*

ECF No. 8 at 3). Nurse Davis's name appears at the bottom of the form, with comments

indicating that Payne was "seen by medical providers on August 11." (*Id.*)

Payne does not dispute that he was seen by Nurse Davis and the "practitioner nurse"—

both on August 11 and August 24, 2022. But in his grievances, Payne states that he did not

"feel comfortable with the diagnosis that the practitioner gave [him]" on August 11, and that

on August 24, he felt that "Nurse Davis was very rude and disrespectful" when he asked to

see a doctor. (ECF No. 8 at 6.) For these reasons, Payne alleges that Nurse Davis and the

practitioner nurse violated several of his rights. (*See* Compl. at 3 [ECF No. 1].) As relief, Payne

seeks a "civil lawsuit," "a charge for forgery," and for the culprit of the "forgery" to be fired.

(*Id.* at 2.)

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he

has been deprived of rights guaranteed by the Constitution or laws of the United States and

that this deprivation resulted from conduct committed by a person acting under color of state

---

[2] Although Payne did not move to amend his complaint, the court will consider the additional documents to give context to the claims in his complaint. The court also notes that Payne filled out his complaint on November 30, 2022, but the additional documents that he submitted established that he did not receive a decision on the appeal of his grievance forms until at least January 19, 2023, indicating that he filed his complaint with the court before exhausting all administrative remedies. Accordingly, Payne did not fully exhaust administrative remedies as to his claims before filing this action.

law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "While a court must accept the material facts alleged in the complaint as true, statements of bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (citation omitted).

Because "medical staff" is not a "person" for purposes of § 1983, any claims against "medical staff" will be dismissed for failure to state a claim. *See Ferguson v. Morgan*, No. 19:90cv06318, 1991 U.S. Dist. LEXIS 8295, at *2–4 (S.D.N.Y. June 20, 1991) (explaining that "medical staff" is not a person under 42 U.S.C. § 1983); *see also Mahon v. Kilgore*, No. 7:17-cv-00406, 2018 U.S. Dist. LEXIS 166531, at *1 n. 1 (W.D. Va. Sept. 27, 2018).

Payne summarily alleges that Nurse Davis and the practitioner nurse violated his "right to medical care," "right to be free from misuse of [his] name," "right to be free from harassment," "right to privacy," and "right to due process" on August 11 and August 16, but his allegations lack any factual support. (*See* Compl. at 3 [ECF No. 1].) Bare allegations devoid of factual enhancement are insufficient to state a claim for relief under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, Payne's bare allegations concerning inadequate medical care, misuse of his name, harassment, privacy, and due process do not rise to the level of a constitutional violation. *See Shy v. Kessel*, No. 1:18cv153, 2019 U.S. Dist. LEXIS 151484, at *32 (N.D.W. Va. June 25, 2019) (dismissing prisoner's claim that medical staff forged his signature for failure to state a claim); *Jones v. Parry*, No. 5:19-cv-00078, 2019 U.S. Dist. LEXIS 217960, at *6 (W.D.N.C. Dec. 18, 2019) ("[V]erbal harassment by correctional facility staff, without more, is not actionable under § 1983."); *Payne v. Taslimi*, 998 F.3d 648, 658 (4th Cir. 2021) (explaining that prisoners have limited expectations of privacy in prison, restricted

primarily to "bodily privacy and integrity"); *Ford v. Strickland*, No. 5:16-CT-3130-FL, 2017 U.S. Dist. LEXIS 6014, at \*7 (E.D.N.C. Jan. 17, 2017) ("To state a procedural or substantive due process claim, an inmate must demonstrate that he was deprived of life, liberty, or property by government action.") (citing *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997)). Even if one of these defendants was responsible for the alleged "forgery," Payne does not allege any denial of medical treatment, let alone a denial that would amount to a constitutional violation, stemming from an allegedly "forged" appointment request form.[3] Therefore, Payne fails to state a cognizable § 1983 claim against Nurse Davis or the "practitioner nurse."

Finally, Payne's only allegation against C/O Hooks is that he was "in the medical dept. at the time" of the alleged forgery. (Compl. at 2 [ECF No. 1].) Without more, this allegation does not rise to the level of a constitutional violation, and any claims against Officer Hooks must be dismissed for failure to state a claim.

---

[3] To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). A prison official is "deliberately indifferent" only if he or she "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In fact, "many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). An "error of judgment" on the part of prison medical staff or "inadvertent failure to provide adequate medical care," while perhaps sufficient to support an action for malpractice, does not constitute a constitutional deprivation redressable under § 1983. *Boyce v. Alizaduh*, 595 F.2d 948, 953 (4th Cir. 1979), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). Disagreements between an inmate and a medical provider regarding diagnosis or course of treatment do not violate the Eighth Amendment. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *see also Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975).

Payne has not alleged any facts that, taken as true, would establish that he had a serious medical need or that defendants were deliberately indifferent to any serious medical need. In fact, the documents that Payne provided shows that he was seen by medical providers on two occasions within the span of two weeks. Payne does not provide any detail about his condition or the ailment for which he sought treatment.

III.

For the reasons discussed, the court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii).

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Payne.

**ENTERED** this 21st day of July, 2023.


*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE